UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEJANDRO MATA PEREZ,<br><br>                    Petitioner,<br><br>        v.<br><br>JULIO HERNANDEZ, et al.,<br><br>                    Respondents. | CASE NO. 2:26-cv-01087-LK<br><br>ORDER DENYING MOTION TO ENFORCE; GRANTING IN PART AND DENYING IN PART JOINT STIPULATED MOTION |

This matter comes before the Court on Petitioner Alejandro Mata Perez's Motion to Enforce, Dkt. No. 30, and the parties' Joint Stipulated Motion for Voluntary Dismissal, Dkt. No. 35 at 1.

On May 29, 2026, this Court granted in part and denied in part Mata Perez's petition for a writ of habeas corpus. Dkt. No. 27. The Court ordered Respondents to "provide Mata Perez with a bond hearing under Section 1226(a) before an immigration judge within seven days" of the date of the court's order, *id.* at 17, and entered judgment, Dkt. No. 28. The Court also ordered that "[i]f the immigration judge does not order Mata Perez released, Respondents are prohibited from transferring Mata Perez from this jurisdiction—i.e., the Western District of Washington—for seven days following the immigration judge's decision, unless such transfer is necessary for medical evaluation, medical treatment, release, or extenuating circumstances[.]" Dkt. No. 27 at 17.

ORDER DENYING MOTION TO ENFORCE; GRANTING IN PART AND DENYING IN PART JOINT STIPULATED MOTION - 1

On June 4, 2026, Respondents notified the Court that an Immigration Judge conducted a bond hearing for Mata Perez under Section 1226(a) and denied his request for release on bond. Dkt. No. 29 at 1. That same day, Mata Perez filed a motion to enforce the Court's prior order, claiming that Respondents failed to comply with the Court's order and "permitted a subterranean pro se custody hearing to occur on June 3, 2026." Dkt. No. 30 at 2. He sought immediate release. *Id.* On June 5, 2026, the Court ordered an expedited briefing schedule on the motion and prohibited Respondents from transferring Mata Perez from this District during the pendency of the motion "unless such transfer [wa]s necessary for medical evaluation, medical treatment, release, or extenuating circumstances." Dkt. No. 31. Respondents vigorously disputed Mata Perez's motion. Dkt. No. 32. The reply deadline passed without a submission from Mata Perez, despite counsel characterizing the motion as an "emergency" and requesting an "[e]xpedited hearing." Dkt. No. 30 at 2. Instead, five days after the reply deadline, the parties filed a "Joint Stipulated Motion for Voluntary Dismissal," improperly filed by Mata Perez's counsel as a reply. Dkt. No. 35.

Mata Perez "no longer wishes to pursue active litigation regarding his immigration detention or bond redetermination in federal court" and instead "desires to return to his native country of Mexico." *Id.* at 2. The parties "move this Court for an Order voluntarily dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2)," represent that Mata Perez is "formally scheduled to depart the United States for Mexico on June 27, 2026," and state that "[a]ll pending motions before the Court should be terminated as moot." *Id.* "[T]he parties further stipulate and agree that the transfer restrictions originally established in this Court's May 29, 2026, Order shall remain in effect as a condition of this dismissal," such that "Respondents shall remain prohibited from transferring [Mata Perez] out of the Western District of Washington prior to his scheduled June 27, 2026, departure flight, unless such transfer is explicitly required to facilitate his physical removal to Mexico on that date." *Id.*

ORDER DENYING MOTION TO ENFORCE; GRANTING IN PART AND DENYING IN PART JOINT STIPULATED MOTION - 2

Considering the above, the Court concludes that Mata Perez's motion to enforce is moot and therefore that motion is DENIED. Dkt. No. 30. The Joint Stipulated Motion for Voluntary Dismissal is GRANTED IN PART AND DENIED IN PART. Dkt. No. 35. The Court GRANTS the request that all pending motions be terminated. However, the joint request that the transfer restrictions in the Court's May 29, 2026 Order "remain in effect" until June 27, 2026 is DENIED. "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). The transfer restrictions from the Court's May 29, 2026 Order expired "seven days following the immigration judge's decision," Dkt. No. 27 at 17, and the additional transfer restrictions imposed by the Court's June 5, 2026 Order, Dkt. No. 31, terminate with resolution of the motion to enforce. Judgment has already been entered in this case, Dkt. No. 28, and there is no live dispute remaining for the Court to adjudicate. Therefore, the Court lacks jurisdiction to impose a new transfer restriction and DENIES that request. Finally, the Court notes that it has already adjudicated Mata Perez's habeas petition on the merits and entered judgment, so there is nothing left to voluntarily dismiss.

Dated this 25th day of June, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO ENFORCE; GRANTING IN PART AND DENYING IN PART JOINT STIPULATED MOTION - 3